IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ESTELEAN JEANETTE DODGE**                                                                   **PLAINTIFF**

VS.                                              4:16-CV-00719-BRW

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY**                                                                           **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 11). Plaintiff has responded and Defendant has replied.[1] As set out below, Defendant's Motion is GRANTED.

**I.   BACKGROUND[2]**

The following facts are taken as true in resolving Defendant's Motion: Plaintiff Estelean Jeanette Dodge participated in the Group Long Term Disability Plan for Employees of Sisters of Mercy Health System (the "Policy"), underwritten and administered by Defendant Hartford Life and Accident Insurance Company. Ms. Dodge became disabled on July 12, 2011. Hartford denied Ms. Dodge's application for long-term benefits on September 5, 2013. Ms. Dodge appealed that denial. Hartford affirmed on November 18, 2013. Ms. Dodge filed her Complaint on October 6, 2016,[3] under ERISA (the Employee Retirement Security Act of 1974[4]).

The Policy had a clause that limited the period that Ms. Dodge could sue Hartford to recover benefits under the Policy. The Policy's limitation-period clause read:

---

[1] Doc. Nos. 13, 14.

[2] Unless otherwise noted, the facts in the Background section are from Plaintiff's Complaint (Doc. No. 1).

[3] Doc. No. 1.

[4] 29 U.S.C. § 1001, *et seq.*

1

> Legal action cannot be taken against [Hartford]:
> 1) sooner than 60 days after the date proof of loss is given; or
> 2) more than 3 years after the date Proof of Loss is required to be given according to the terms of The Policy.

Hartford asserts that Ms. Dodge's Complaint fails to state a claim for which relief can be granted because it was filed beyond the Policy's limitation period.[5] Ms. Dodge asserts that the Policy's limitation period is void under Arkansas law; or, alternatively, that it did not begin to run until her claim accrued on November 18, 2013 (when she received written notice that Hartford was upholding its denial of benefits).[6]

## II.     STANDARD

A complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief.[7] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[8] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[9] Although a complaint does not need detailed factual allegations, it must provide more than mere labels, conclusions, and formulaic recitation of the elements of a claim.[10] In resolving a motion to dismiss courts accept as true all factual allegations in the complaint and draw reasonable inferences in favor of the nonmoving party.[11]

---

[5] Doc. Nos. 11, 12, 14.

[6] Doc. No. 13.

[7] Fed. R. Civ. P. 8(a).

[8] *Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Id.* at 555.

[11] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

**III.   DISCUSSION**

"ERISA 'contains no statute of limitations for actions to recover benefits under a regulated plan.'"[12] It has long been held that parties to a contract for insurance are free to agree to a the limitation period, so long as the agreed-upon limitation period is reasonable and is not otherwise prohibited by statute.[13] Ms. Dodge contends that the Policy's agreed-upon limitation period is "otherwise prohibited by statute" under Section 23-79-202 of the Arkansas Code, which reads:

> (a) An action may be maintained . . . to recover on any claim or loss arising under a policy of insurance on property or life . . . at any time within [five years after the cause of action accrues].[14]
>
> (b) Any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void.[15]

The plain language of Section 23-79-202(b) only prohibits parties from shortening the limitation period to file an action "arising under a policy of insurance on property or life."[16]

Ms. Dodge asserts that disability insurance falls within Arkansas's definition of life insurance. Section 23-62-102(a) of the Arkansas Code defines "life insurance" as "insurance on human lives." Section 23-63-203(b) reads as follows,

> (b) The transaction of life insurance includes also the granting of endowment benefits, benefits for expenses incurred in connection with death, additional benefits in event of death or dismemberment by accident or accidental means, additional

---

[12] *Munro-Kienstra v. Carpenters' Health and Welfare Trust Fund of St. Louis*, 790 F.3d 799, 802 (8th Cir. 2015) (citing *Johnson v. State Mut. Life Assur. Co. of Am.*, 942 F.2d 1260, 1261-62 (8th Cir. 1991) (en banc)).

[13] See *Riddlesbarger v. Hartford Ins. Co.*, 74 U.S. 386 (1868); *Ferguson v. Order of United Commercial Travelers of Am.*, 307 Ark. 452 (1991).

[14] A.C.A. § 16-56-111.

[15] A.C.A. § 23-79-202.

[16] *Graham v. Stonebridge Life Ins. Co.*, No. 4:10-CV-02022-JLH, 2011 WL 6057529, at *2 (E.D. Ark. Dec. 6, 2011).

3

benefits in event of the insured's disability, and optional modes of settlement of proceeds of life insurance.

Essentially, Ms. Dodge argues that all disability-insurance policies are life-insurance policies.[17]  In *Graham v. Stonebridge*,[18] an insured argued "that any policy that provides benefits for accidental dismemberment is also a life insurance, even if it does not provide benefits for death."[19]  The court held that

> Subsection (b) of section 23-62-102 does not expand the definition of life insurance to every policy of insurance that provides benefits for dismemberment by accident or accidental means; instead, subsection (b) explains that a policy that insures a life may also provide benefits in the event of dismemberment by accident or accidental means and still be life insurance.[20]

Here, similar to *Graham v. Stonebridge*, Section 23-62-102(b) does not expand the definition of life insurance to every policy of insurance that provides benefits for disability; instead, it explains that a policy that insures a life may also provide benefits in the event of disability and still be life insurance.[21]

Ms. Dodge's reliance on *Graham v. Hartford*[22] is also misplaced because that policy was agreed to be a life-insurance policy even though the insured sought dismemberment benefits rather than death benefits.[23]

---

[17] Doc. No. 13.  Ms. Dodge does not argue the Policy is property insurance, nor can I imagine such; however, she does assert that accidental death and dismemberment benefits are within Arkansas's definition of life insurance.  Because the Policy is not a policy on accidental death and dismemberment, I fail to see the relevance.

[18] *Graham*, 2011 WL 6057529, at *2.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Graham v. Hartford Life and Acc. Ins. Co.*, 677 F.3d 801 (8th Cir. 2012).

[23] *Graham v. Hartford Life and Acc. Ins. Co.*, 677 F.3d 801 (8th Cir. 2012).

Because Ms. Dodge's Policy is not a policy on life insurance, the prohibition against shortening the limitation period for filing suit on life-insurance policies found in Section 23-79-202(b) does not apply. Accordingly, the Policy's limitation period will be enforced.

When did the Policy's limitation period begin to run, and when did it end? In general, a claim accrues, and the limitations period begins to run, when the company denies coverage.[24] "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."[25] The Policy's limitation period began to run on the date Plaintiff's proof of loss was due, which the parties agree was January 8, 2012.[26] The Policy's limitation period ended three years after January 8, 2012. Plaintiff filed her Complaint[27] on October 6, 2016 – outside of the Policy's reasonable limitation period. Accordingly, Plaintiff's claim under the Policy is time barred.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 30th day of January, 2017.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[24] *Shelter Mutual Ins. Co. V. Nash*, 357 Ark. 581, 591 (2004).

[25] *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013).

[26] Doc. Nos. 12, 13, 14.

[27] Doc. No. 1.